IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARCUS MUHAMMAD, TRACY JONES, TERRANCE JONES, and MICHEALA JONES,<br>    Plaintiff,<br><br>vs.<br><br>P.O. DEL PEARSON #16462, and UNKNOWN OFFICERS,<br><br>    Defendants. | Case No. |

## COMPLAINT AT LAW

NOW COME the Plaintiffs, MARCUS MUHAMMAD, TRACY JONES, TERRANCE JONES, and MICHEALA JONES, by and through their attorneys, BLAKE HORWITZ and THE BLAKE HORWITZ LAW FIRM, LTD. and allege against the Defendants, P.O. DEL PEARSON #16462, UNKNOWN OFFICERS (hereinafter the "DEFENDANT OFFICERS"), as follows:

## JURISDICTION

1.    The jurisdiction of the court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983; the Judicial Code, 28 U.S.C. §1331 and §1343(a); the Constitution of the United States; and this Court's supplementary jurisdiction powers.

## PARTIES

2.    Plaintiff MARCUS MUHAMMAD is a citizen of the State of Illinois and of the United States.

3. Plaintiff TRACY JONES is a citizen of the State of Illinois and of the United States.

4. Plaintiff TERRANCE JONES is a citizen of the State of Illinois and of the United States.

5. Plaintiff MICHEALA JONES is a citizen of the State of Illinois and of the United States.

6. The DEFENDANT OFFICERS were, at all times material to this Complaint, employed by the City of Chicago Police Department

## FACTS

7. On or about March 22, 2011, the DEFENDANT OFFICERS interacted with the PLAINTIFFS.

8. The DEFENDANT OFFICERS forced their way into PLAINTIFF'S home, at or around 3236 E. 92nd St., Apt. 1A, Chicago, breaking down the front door in the process.

9. The DEFENDANT OFFICERS did not have a valid search warrant for PLAINTIFFS' home at 3236 E. 92nd St., Apt. 1A, Chicago, when they entered the PLAINTIFFS' home.

10. Subsequently, upon information and belief, on or about March 22, 2011, some of the DEFENDANT OFFICERS, came into contact with the PLAINTIFFS.

11. On or about March 22, 2011, some of the DEFENDANT OFFICERS, engaged in the unreasonable seizure and/or failed to prevent the unreasonable seizure of the PLAINTIFFS at or around 3236 E. 92nd St., Apt. 1A, Chicago, Illinois, notwithstanding the fact that the DEFENDANT OFFICERS failed to observe and/or learn that the PLAINTIFFS had committed

criminal activity of any sort. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

12. On or about March 22, 2011, some or all of the DEFENDANT OFFICERS used excessive force and/or failed to prevent the excessive force of PLAINTIFFS, despite the fact that the PLAINTIFFS did not resist arrest, threaten the DEFENDANT OFFICERS, and were not a threat to the DEFENDANT OFFICERS. This conduct violated the Fourth Amendment to the United States Constitution.

13. The show of force initiated by and/or the failure to intervene in the use of said force by the DEFENDANT OFFICERS caused an unreasonable seizure to the PLAINTIFFS.

14. On or about March 22, 2011, PLAINTIFFS did not obstruct justice, resist arrest, batter and/or assault any of the DEFENDANT OFFICERS.

15. The DEFENDANT OFFICERS did not have probable cause to believe that criminal activity took place relative to the PLAINTIFFS.

16. On March 22, 2011, PLAINTIFFS had not committed an act contrary to the laws of the State of Illinois.

17. As a direct and proximate result of one or more of the aforesaid acts or omissions of the DEFENDANT OFFICERS, PLAINTIFFS were caused to suffer damages including physical, emotional and financial loss.

## CONSPIRACY

18. Some or all of the DEFENDANT OFFICERS conspired to cause damage to PLAINTIFF in the following manner:

   a. using excessive force and/or failing to intervene in the use of excessive force against the PLAINTIFFS;

    b. agreeing not to report each other after witnessing and/or using excessive force relative to the PLAINTIFFS;

    c. agreeing not to report each other after falsely arresting and/or charging the PLAINTIFFS; and

19. In connection with the above conspiracy, the DEFENDANT OFFICERS specifically engaged in communication on or about March 22, 2011, whereby the DEFENDANT OFFICERS agreed to facilitate, engage in and support the activity which occurred in connection with the allegations immediately above. As a result of this conspiracy, the DEFENDANT OFFICERS by and through their conduct, proximately caused PLAINTIFFS to, *inter alia*, suffer physical injury, incur financial losses, including attorneys' fees, and suffer emotionally.

## COUNT I
### Excessive Force Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

20. PLAINTIFFS re-allege paragraphs 1 – 19 as though fully set forth herein.

21. The actions and/or the failure to intervene in the actions of the DEFENDANT OFFICERS amounted to an excessive use of force onto the PLAINTIFFS.

22. This conduct violated the Fourth Amendment of the United States Constitution.

23. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demands punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## COUNT II
### False Arrest Claim Pursuant to
### 42 U.S.C. § 1983 and the Fourth Amendment to the U.S. Constitution

24. PLAINTIFFS re-allege paragraphs 1 –19 as though fully set forth herein.

25. The actions of the DEFENDANT OFFICERS caused the arrest of the PLAINTIFFS without probable cause to believe that the PLAINTIFFS had committed criminal activity.

26. Therefore, the conduct of the DEFENDANT OFFICERS was in violation of the Fourth Amendment to the United States Constitution.

27. The aforementioned actions of the DEFENDANT OFFICERS were the direct and proximate cause of the Constitutional violations set forth above.

WHEREFORE, PLAINTIFFS demand compensatory damages from the DEFENDANT OFFICERS. PLAINTIFFS also demand punitive damages, costs and attorneys' fees against the DEFENDANT OFFICERS and whatever additional relief this Court deems equitable and just.

## JURY DEMAND

28. PLAINTIFFS demand trial by jury.

                                       Respectfully submitted,

                                       s/ Blake Horwitz
                                       Attorney for the Plaintiffs

THE BLAKE HORWITZ LAW FIRM, LTD.
Blake Horwitz, Esq.
39 S. LaSalle St., Suite 1515
Chicago, Illinois 60603
Ph (312) 676-2100
Fax (312) 445-8741